THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEY SEALY, Appellant. [823 NYS2d 149]—

Order, Supreme Court, New York County (Charles J. Tejada, J.), rendered November 25, 2003, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender to an aggregate term of 14 years to life, unanimously affirmed.

The court improvidently exercised its discretion in admitting evidence that, while questioning defendant and preparing to issue him a summons for disorderly conduct, the police discovered that there was an outstanding warrant for his arrest, since the prejudicial effect of this testimony outweighed its probative value (see People v Resek, 3 NY3d 385 [2004]). Mention of the warrant was not necessary to complete the narrative or establish the propriety of the police conduct, since the warrant was not the basis for defendant's lawful arrest for possession of a weapon, and since the trial evidence independently explained the sequence of events leading to that arrest. In any event, it appears that there was no valid warrant, and the jury should at least have been so informed. We nevertheless find the error to be harmless (see People v Crimmins, 36 NY2d 230 [1975]). There was overwhelming evidence linking defendant to the weapon, and his present arguments to the contrary are highly speculative. Concur—Andrias, J.P., Friedman, Marlow, Nardelli and Sweeny, JJ.